# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

ROOSEVELT LEMONS,      )
                      )
         Plaintiff,   )
                      )   Case No. 3:14-2061
      vs.            )
                      )
P. DRAGMEISTER, et. al.,  )
                      )
        Defendants.  )

## OPINION AND ORDER

This matter is before the Court on the complaint filed pursuant to 42 U.S.C. § 1983 by Roosevelt Lemons, a *pro se* prisoner, on December 9, 2014. For the reasons set forth below, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

DISCUSSION

Lemons alleges that Defendants, Officers P. Dragmeister and Burger, used excessive force against him at the LaPorte County Jail on November 10, 2008. This claim is barred by the statute of limitations because "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Because it has been more than two years since these claims arose, this case must be dismissed.

It appears[1] that Lemons may be trying to re-institute claims that he previously filed in *Lemons v. P. Dragmeister*, 3:08-CV-423 (N.D. Ind. filed September 11, 2008). Even if so, this case is still untimely. The Journey's Account Statute does not extend the limitations period because that case was dismissed on March 4, 2013, pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.

The Journey's Account Statute provides that the limitation period is only extended where:

> (1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action;

> (2) the action abates or is defeated by the death of a party; or

> (3) a judgment is arrested or reversed on appeal.

Indiana Code 34-11-8-1(a). Here, Lemons' prior case did not end as a result of a death or while on appeal, therefore the deadline can only be extended if the prior case ended for some reason other than negligence in its prosecution. However, that is not the case here.

The prior case ended because he failed to appear at a March 2013 status conference. The court attempted to contact him at the phone number he provided, but it was not in service. Additionally, several pieces of mail sent to Lemons at the address he provided the clerk were returned as undeliverable. After a

---

[1] Both the current case and his previous case concern strikingly similar allegations that P. Dragmeister and Bulger beat Lemons at the LaPorte County Jail. However, the complaint in 3:08-CV-423 alleges the excessive force took place on November 14, 2007, while Lemons asserts the use of excessive force in this case took place on or around November 10, 2008.

warning, the case as dismissed without prejudice for failure to prosecute. Lemons' conduct constitutes negligence in prosecution because "[t]he demand that plaintiffs provide contact information is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit." *Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D. N.Y. 2006) (quotation marks and citation omitted). *See also Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1244 (Ind. 2010) ("[N]egligence in the prosecution is broader than its origin in failure to . . . prosecute as required by Indiana Trial Rule 41(E), and the term has been said to apply to any failure of the action due to negligence in the prosecution.") (quotation marks omitted).

Though the prior case was dismissed without prejudice, that only permitted Lemons to re-file within the deadline proscribed by the statute of limitations; it did not extend that deadline. Because the statute of limitations was not extended by his prior lawsuit, this case is untimely and must be dismissed.


CONCLUSION

For the reasons set forth above, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**DATED: December 23, 2014**       **/s/ RUDY LOZANO, Judge**
                                           **United States District Court**